IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARKINSAN DOSEKUN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4238 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, §§ 541.052, 541.060, and 541.061. The plaintiff, Arkinsan Dosekun, alleges that the defendant, State Farm Lloyds ("State Farm"), engaged in deceptive acts violating the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). The defendants timely removed. (Docket Entry Nos. 1, 7). The defendant invoked the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. The defendant asked this court to abate the suit until the 61st day after the plaintiffs provided the statutory written notice of their claims under the statute. This court granted the defendant's motion on March 25, 2011. (Docket Entry No. 15).

On April 4, 2011, counsel for Dosekun sent State Farm a notice letter. The letter lists the same Texas Insurance Code and DTPA provisions set out in the complaint and claims that State Farm violated them. The letter also cites case law interpreting the Texas Insurance Code and DTPA provisions. The letter contains only general factual allegations. It states that:

> It seems to be common practice of insurers to do an initial inspection of the loss and pay a relatively small amount of money in hope that the claim will go away or claim the damage is less than the deductible. If the insurer is sued, it takes the position that the insured never told the insurer about "more" damages, or never expressed displeasure in the amount of money initially paid, or never re-opened the claim, or never "proved" more damage. . . . I believe the evidence in State Farm's file showing its failure to adequately investigate and failure to offer any money to repair the Dosekuns' home proves that State Farm violated these duties.
>
> Hurricane Ike damaged the Dosekuns' home. The Dosekuns retained experts to inspect their home. The experts are qualified [to] evaluate the damage the hurricane caused. The experts inspected the Dosekuns' home and found damage that the hurricane caused. The attached reports detail the damage and needed repairs. We provided the insurer with these reports at least once already and it took no action.

(Docket Entry No. 16, Ex. 2, April 4, 2011 Notice Letter). The letter does, however, include amounts for Dosekun's actual damages, DTPA treble damages, total damages, and attorneys' fees. It also states an amount at which Dosekun would settle his claim. Attached to the letter are estimates of the damage to his home, describing in detail the cause of the damage and the estimated costs of replacement or repair for each damaged item. (Docket Entry Nos. 21, 22, 23).

On April 28, 2011, State Farm moved to continue the abatement, (Docket Entry No. 16). State Farm argues that the April 4 notice letter does not meet the requirements under § 541.154 because the letter does not tie "the alleged damages to any specific facts." (Docket Entry No. 16, at 2). Dosekun responded to the motion, (Docket Entry No. 17); State Farm replied, (Docket Entry No. 18); and Dosekun surreplied, (Docket Entry No. 19). Based on the motion, response, and replies; the parties' attachments; and the applicable law, State Farm's motion to continue the abatement, (Docket Entry No. 16), is denied. The reasons are set forth below.

**I.      The Legal Standard**

Section 541.154(a) of the Texas Insurance Code states: "[a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code"). If a plaintiff fails to

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Hines*, 843 S.W.2d at 469.

The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see also Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

In this case, more than 60 days has passed since the plaintiffs provided the statutory notice letter. The issue is whether its content was sufficient. Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson*, 257 S.W.3d at 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 191–92 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the specific facts supporting the cause of action were implied).

## II.    Analysis

The notice letter contains sufficient factual information about the causes of action for State Farm to imply the bases for Dosekun's claims. Texas courts do not require a comprehensive factual account of the basis of the plaintiff's claims, as long as a defendant can at least imply the bases for the causes of action asserted. *Richardson*, 257 S.W.2d at 782; *Williams*, 705 S.W.2d at 191–92. While the factual allegations related to State Farm's specific conduct are sparse, the reports attached

to the letter state — in detail — the basis for Dosekun's claim that State Farm underpaid his insurance claim. The letter also states estimates of both damages and attorneys' fees, as well as an amount at which Dosekun would settle. *See Rodriguez v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-4611, 2011 WL 689580, at *3 (S.D. Tex. Feb. 17, 2011) ("The notice letter in this case contains scant factual information about the cause of action. But it does identify the damages sought — $180,00 in economic damages, $30,000 in mental anguish damages, and $84,000 in expenses and attorneys' fees."). The notice letter meets the statutory requirements.

## III.     Conclusion

The letter is sufficient notice under § 541.154(b) of the Texas Insurance Code. The motion to continue the abatement is denied. The abatement period began on April 4, 2011 and has ended.

SIGNED on June 23, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge